Attachment B

Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| MILA TUDTUD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| WILDFLOWER COURT, INC., ) | |
| RICH YOUNG, individually and in his ) | |
| capacity as Director of Support Services, ) | |
| MILLIE DUNCAN, individually and in her ) | |
| capacity as Administrator, and ) | |
| KYLA ALLRED, individually and in her ) | |
| capacity as Human Resources Manager. ) | |
| ) | |
| Defendants. ) | Case No. 1JU-05-977 CIV. |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, MILA TUDTUD (hereinafter "Plaintiff"), by and through her undersigned attorneys, and pursuant to Alaska Rules of Civil Procedure 15(a) hereby files her First Amended Complaint to allege that jurisdiction is proper in the Superior Court. Plaintiff alleges the facts set forth below in support of her causes of action against the Defendants, WILDFLOWER COURT, INC., RICH YOUNG, MILLIE DUNCAN, and KYLA ALLRED (hereinafter "Defendants").

### Nature of this Action

1 of 13

*Tudtud v. Wildflower Court, Inc., et. al.*
First Amended Complaint

1. Plaintiff was employed by Defendant Wildflower Court, Inc. as a home attendant until her employment was wrongfully terminated by Defendants on or about September 17, 2004 because of her age and because she was closer to retirement than any other employee at Wildflower Court.

2. As alleged herein, Defendants' termination of Plaintiff's employment breached her employment contract and the covenant of good faith and fair dealing and violated the statutes and public policy of this state forbidding age discrimination.

3. Defendants attempted to disguise their unlawful motive for discharging Plaintiff by making false and defamatory statements that Plaintiff's job performance was unsatisfactory.

4. As a result of Defendants' wrongful and illegal termination of her employment and Defendants' defamatory statements about her job performance, Plaintiff has suffered substantial damages.

### Jurisdiction

5. The Superior Court of the State of Alaska has original jurisdiction of this matter based upon the following:
   a. At all times relevant, Plaintiff was a resident of the First Judicial District at Juneau, Alaska.
   b. At all times relevant, Defendants were residents of the First Judicial District at Juneau, Alaska, and Defendant Wildflower Court was licensed to conduct business in the State of Alaska.
   c. Plaintiff alleges age discrimination in violation of AS 18.80.220, and this Court has original jurisdiction of such claims pursuant to AS 22.010.020(i).

6. Any and all prerequisites to bringing this action as prescribed by the Age Discrimination in Employment Act, 29 USC § 621, et seq., and the Alaska Human Rights Act, AS 18.20, et seq., have been satisfied because:
   a. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about July 7, 2005, which was designated as charge number 380-2005-00871.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490   FAX: (907) 586-6633
email: lawyers@choatelawfirm.com

    b. Plaintiff's Charge of Discrimination was cross-filed with the Alaska State Commission for Human Rights on or about August 31, 2005.

    c. On or about September 8, 2005, Plaintiff formally requested a "right to sue" letter from the Equal Employment Opportunity Commission.

    d. On or about September 28, 2005, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission informing her that she must file any claim she has within 90 days of receiving the notice.

### Venue

7. Venue in the Superior Court of the State of Alaska, First Judicial District at Juneau, is proper because Plaintiff's claims arose in Juneau, Alaska and Defendants are located in Juneau, Alaska and may be personally served with process therein.

### Parties

8. Plaintiff, Mila Tudtud, is a woman who is more than forty (40) years of age. She is a legal resident of the United States and resides in the State of Alaska. Plaintiff was an employee of Wildflower Court.

9. Wildflower Court, Inc. is a non-profit Alaska corporation that operates Wildflower Court, a private assisted living, nursing care, and rehabilitative services facility located in Juneau, Alaska. St. Ann's, Inc. was the predecessor of Wildflower Court, Inc. Wildflower Court consists of three "homes", Blueberry Place, Cranberry Cottage, and Huckleberry Lodge, and an administrative center. Huckleberry Lodge and the administrative center are in the Salmonberry Village section of Wildflower Court. Wildflower Court on information and belief has approximately 100 employees.

10. During the time the events set forth in this Complaint occurred, Defendant Rich Young was the Director of Support Services at Wildflower Court and was Plaintiff's supervisor.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490   FAX: (907) 586-6633
email: lawyers@choatelawfirm.com

11. During the time the events set forth in this Complaint occurred, Defendant Millie Duncun was the Administrator at Wildflower Court and participated in terminating Plaintiff's employment.

12. During the time the events set forth in this Complaint occurred, Defendant Kyla Allred was the Human Resources Manager at Wildflower Court and participated in terminating Plaintiff's employment.

13. At all times herein mentioned, each of the individual Defendants was the agent and/or employee of each of the other Defendants and was at all times acting within the purpose and scope of such agency and employment.

14. At all times herein mentioned, the acts charged in this Complaint as having been done by Defendants were committed, authorized, ordered, ratified, and/or done by the officers, agents, employees, and/or designated and/or authorized representatives of Wildflower Court, Inc. while actively engaged in the management of the businesses and/or affairs of Wildflower Court, Inc. and while acting with the real and/or apparent authority of any and all of the Defendants.

## Factual Allegations Common to All Causes of Action

15. Plaintiff was employed as a home attendant by Wildflower Court and its predecessor, Saint Ann's, for more than 24 years.

16. During the time the events set forth in this Complaint occurred, Plaintiff was a full time employee in the Salmonberry Village section of Wildflower Court.

17. Prior to the time the events set forth in this Complaint occurred, Wildflower Court had issued to its employees an employee handbook that required Wildflower Court to have good cause or reason to terminate employment once an employee completed a six-month probationary period of employment. The handbook specifies the standards for evaluating good cause and reasons for terminating employment. This handbook was effective during all times relevant.

18. At the time of her termination, Plaintiff had been employed by Wildflower Court well beyond the six-month probationary period.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490   FAX: (907) 586-6633
email: lawyers@choatelawfirm.com

19. Wildflower Court has an administrative policy for reducing its force and conducting layoffs, requiring the administrative staff to consider the employee's length of service when deciding whether to lay off that employee, impliedly giving preference for retention to employees with the most seniority.

20. During the 24 years that Plaintiff worked for Wildflower Court and its predecessor, St. Ann's, Plaintiff received nine evaluations. With the exception of a single rating received once, in all nine evaluations Plaintiff's job performance was rated as above the standards for acceptable performance and often exceeded those standards, with ratings of very good and outstanding. In the single instance that Defendants rated one aspect of Plaintiff's job performance as not meeting standards, Plaintiff's subsequent evaluations show that she corrected the problem.

21. During her tenure as a home attendant for Wildflower Court, Defendants praised her for her leadership skills and positive interactions with the residents of Wildflower Court.

22. One week prior to Plaintiff's termination, Defendant Rich Young told Plaintiff that she was doing a good job and that he was satisfied with her performance in carrying out her assigned duties. In addition, he praised Plaintiff for her compassion in caring for Wildflower Court's residents.

23. On or about August 11, 2004, Plaintiff received a copy of the agenda and Meeting Minutes of a support services staff meeting at which Defendants informed employees that Defendants intended to close Salmonberry Village but that they would revise schedules and reassign the full time employees of Salmonberry Village to find meaningful work elsewhere in the Wildflower Creek facility in order to keep everyone working.

24. Despite Defendants' reassurances, on or about September 17, 2004, Plaintiff's employment at Wildflower Court was terminated. When Plaintiff was discharged, she had approximately three years left to retirement.

25. When Plaintiff asked why she was being discharged, Defendant Millie Duncan told her that she was being laid off because Wildflower Court was downsizing and because she was closest to retirement.

26. On or about September 17, 2004, Defendant Kyla Allred wrote a memorandum to Plaintiff's personnel file stating that Millie Duncan explained to Plaintiff Defendants' decision to discharge Plaintiff and to eliminate her position. Defendant Allred misrepresented the reasons given by Millie Duncan for Plaintiff's termination, asserting in the memorandum that the decision to discharge Plaintiff was solely due to Wildflower Court's financial situation.

27. On or about September 17, 2004, Defendants filled out an exit checklist concerning the termination of Plaintiff's employment, which falsely implies that Plaintiff was terminated for unsatisfactory performance in that it states that Plaintiff is ineligible for rehire because of her purportedly poor performance.

28. Plaintiff's personnel file reveals that during her entire tenure as a home attendant at Wildflower Court, she received only five memoranda that were in any way critical of her performance. Two of these memoranda complained that Plaintiff arrived at work too early. The remaining memoranda contained false statements about her performance and were contrived by Defendants to create a pretext to terminate Plaintiff because she was a senior and highly compensated employee.

29. On or about October 29, 2004, Plaintiff received a letter from Wildflower Court Board President, Larry Persily, asserting that the decision to terminate her employment was due solely to the Defendants' decision to cut back on staff and save money.

30. Defendants discharged Plaintiff and retained employees who were younger, less experienced, and less qualified. The retained employees had less seniority and their compensation and benefit costs were lower than Plaintiff's.

31. Plaintiff relied upon the representations in the employee handbook that Defendants would not terminate her employment without good cause or reason. Plaintiff also believed Defendants' representations that her years of service and experience would weigh in her favor in the event of a layoff. Based upon such reliance, Plaintiff faithfully served Wildflower Court throughout her employment without attempting to find other employment.

32. Defendants terminated Plaintiff because of her age, seniority and proximity to retirement, while fabricating pretextual reasons of poor job performance and downsizing.

33. Defendants selected Plaintiff for termination because of her age, in that she was closest to retirement and earned higher compensation than younger employees. Defendants attempted to disguise their discriminatory decision by making defamatory statements about the quality of her job performance.

34. Defendants' termination of Plaintiff's employment because of her age and seniority violated the Alaska Human Rights Act, the Age Discrimination in Employment Act and specific public policy.

## First Cause of Action against Defendant Wildflower Court, Inc.
## Breach of Employment Contract

35. Plaintiff re-alleges and incorporates by reference each and every allegation contained within the preceding paragraphs as though fully set out herein, and further alleges as follows:

36. The Wildflower Court Employee Handbook was part of the employment contract between Plaintiff and Defendant Wildflower Court, and Defendant Wildflower Court and its agents were bound to follow the policies and procedures in the manual.

37. Defendants represented both orally, written and impliedly that Plaintiff's employment at Wildflower Court would not be terminated without good cause or reason and that her accrued seniority, compensation level and proximity to retirement age would be considered as factors in favor of continuing her employment rather than factors prompting her discharge.

38. Written personnel policies provided that if an employee was performing unsatisfactorily, the employee would be disciplined in accordance with Defendant Wildflower Court's standards of conduct and corrective action. In determining what disciplinary action would be appropriate Wildflower Court agreed to consider the seriousness of the alleged infraction, the employee's past record, and the circumstances surrounding the matter.

39. Wildflower Court's written administrative policies provided that if a reduction in force was necessary, Defendants would consider employees' current and past performance and their length of service with Wildflower Court.

40. Plaintiff had a contract of employment for so long as she performed her job in a satisfactory manner, discharge could only be for good cause or reason and then would be carried out only in accordance with the stated written policies of Defendant Wildflower Court.

41. Plaintiff performed all of the duties and responsibilities of her job capably throughout her employment.

42. Defendants did not have cause to discharge Plaintiff or label her as ineligible for rehire.

43. Contrary to the administrative procedures of Wildflower Court, Defendants considered Plaintiff's length of service as a factor against her when they decided to terminate her employment.

44. Defendants breached the employment contract between Wildflower Court and Plaintiff by: (1) failing to treat Plaintiff in accordance with Wildflower Court's stated policies; (2) terminating Plaintiff in breach of representations made to Plaintiff; and (3) terminating Plaintiff without following Defendant Wildflower Court's policies and practices.

45. Defendants ensured that Plaintiff would not return to employment at Wildflower Court by fabricating defamatory reasons to make her ineligible for rehire.

46. As a consequence of the breach of Plaintiff's employment contract, Plaintiff seeks back pay and the cost of benefits from the date of her discharge, plus interest, future compensation up to retirement age, and full retirement benefits.

### Second Cause of Action against Wildflower Court, Inc.
### Breach of the Covenant of Good Faith and Fair Dealing

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained within the preceding paragraphs as though fully set out herein, and further alleges as follows:

8 of 13

*Tudlud v. Wildflower Court, Inc., et. al.*
First Amended Complaint

48. Into every contract the law implies a covenant of good faith and fair dealing, requiring that each party refrain from any act, extraneous to the provisions of the contract that would deprive the other party of the benefits of the contract. In addition, Alaska and federal law impose upon Wildflower Court, as an employer, a duty to refrain from unlawful discrimination in making decisions that affect the employment contracts of its employees. As a result of the employment relationship which existed between Plaintiff and Defendant Wildflower Court, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, Defendant Wildflower Court promised to act in good faith toward and deal fairly with Plaintiff.

49. Defendants' termination of Plaintiff was wrongful, in bad faith, and unfair, and therefore, a violation of Defendant Wildflower Court's legal duties.

50. Defendants breached the covenant of good faith and fair dealing: (1) when they discharged Plaintiff in order to unfairly deprive her of the benefits contemplated by her employment contract, including but not limited to her compensation and retirement benefits; (2) when they discharged Plaintiff's employment for false reasons and in a manner that was inconsistent with Defendant Wildflower Court's stated policies and practices; (3) when they surreptitiously inserted defamatory memos into Plaintiff's personnel file for the purpose of creating pretextual reasons for terminating Plaintiff's employment and designating her unqualified for re-hire; and (4) when they terminated Plaintiff's employment because of her age and her impending retirement.

51. As a consequence of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has lost substantial employment benefits with Defendant Wildflower Court, including but not limited to loss of reputation, lost wages, and lost benefits.

52. In addition, as a consequence of Defendants' breach of the covenant of good faith and fair dealing and unlawful conduct, Plaintiff has suffered anxiety, grief and humiliation and the loss of her lifelong employment has caused Plaintiff to

suffer ongoing emotional distress, entitling her to recover economic and non-economic damages from Wildflower Court, Inc.

53. Defendants' decision to terminate Plaintiff's twenty-four years of employment, without lawful justification and motivated by age discrimination, for the improper purpose of depriving her of benefits to which she was entitled, was despicable, malicious and oppressive. Defendants' attempts to disguise their discrimination by creating pretexts for the termination decision were fraudulent. Accordingly, Plaintiff seeks an award of punitive damages in an amount sufficient to deter Wildflower Court, Inc. from such conduct in the future.

### Third Cause of Action against All Parties
### Violation of Public Policy

54. Plaintiff re-alleges and incorporates by reference each and every allegation contained within the preceding paragraphs as though fully set out herein, and further alleges as follows:

55. Pursuant to AS 18.80.220(a)(1), the explicit public policy of this State forbids age discrimination in employment.

56. Defendants' termination of Plaintiff was in violation of the explicit public policy of this state as expressed in the Alaska Human Rights Act, AS § 18.80.220(a)(1) and the Age Discrimination in Employment Act when they terminated Plaintiff's employment because of her age and her impending retirement.

57. The treachery and deception practiced by Defendants, as alleged herein, caused Plaintiff to suffer anxiety, grief and humiliation, and the loss of her lifelong employment has caused Plaintiff to suffer ongoing emotional distress, entitling her to recover economic and non-economic damages from Wildflower Court, Inc.

58. Defendants' decision to terminate Plaintiff's twenty-four years of employment, without lawful justification and motivated by age discrimination, for the improper purpose of depriving her of benefits to which she was entitled, was despicable, malicious and oppressive. Defendants' attempts to disguise their

discrimination by creating pretexts for the termination decision were fraudulent. Accordingly, Plaintiff seeks an award of punitive damages in an amount sufficient to deter Wildflower Court, Inc. from such conduct in the future.

### Fourth Cause of Action against Defendant Wildflower Court, Inc.
### Employment Discrimination

59. Plaintiff re-alleges and incorporates by reference each and every allegation contained within the preceding paragraphs as though fully set out herein, and further alleges as follows:

60. Each of the individual Defendants, Rich Young, Millie Duncan and Kyla Allred, was acting in the course and scope of his or her employment with Wildflower Court when each individual Defendant performed the acts alleged herein to terminate Plaintiff's employment in violation of the laws of this State forbidding age discrimination, including the Alaska Human Rights Act, AS 18.80.220(a)(1), and the Age Discrimination in Employment Act.

61. Each individual Defendant was acting in the course and scope of his or her employment when he or she attempted to justify that wrongful termination under the pretexts of downsizing and poor performance.

62. Each of the Defendants ratified and condoned the wrongdoing of the other Defendants, as alleged herein.

63. In so doing, Defendants violated the civil rights of Plaintiff, and Plaintiff is entitled to an award of back compensation with interest, reinstatement and/or future compensation and attorneys' fees.

64. The despicable and wrongful conduct of Defendants, as alleged herein, warrants an award of punitive damages sufficient to deter Wildflower Court, Inc. from such conduct in the future.

### Fifth Cause of Action against All Defendants
### Defamation

11 of 13

*Tudtud v. Wildflower Court, Inc., et. al.*
First Amended Complaint

65. Plaintiff re-alleges and incorporates by reference each and every allegation contained within the preceding paragraphs as though fully set out herein, and further alleges as follows:

66. Each of the individual Defendants, Rich Young, Millie Duncan and Kyla Allred, conspired to justify the wrongful discharge of Plaintiff on the basis of poor job performance.

67. Each of the Defendants condoned and republished the defamatory statements made by the other Defendants, as alleged herein.

68. Each Defendant is liable for damages caused by his or her tortious or malicious acts.

69. Defendants' statements that Plaintiff's job performance was poor were false and were presented as statements of fact rather than opinion.

70. Each Defendant knew or should have known that Plaintiff had been an exemplary worker during her long employment and that she had received no significant reprimands.

71. Each Defendant knew or should have known that his or her statement concerning Plaintiff was false, made without reasonable grounds for belief in its truth, and without reasonably adequate investigation. Despite knowledge that the statements concerning Plaintiff's job performance were false, Defendants published the statements by placing them in Plaintiff's personnel file. This publication was malicious with knowledge of the statements' falsity or with reckless disregard for the truth.

72. Each Defendant was involved in the inadequate investigation and the decision to discharge Plaintiff, and expressly authorized the statement.

73. Defendants' false statements that Plaintiff's poor performance was the cause of her discharge and that she was ineligible for rehire because of her poor performance injured Plaintiff's reputation among her former coworkers, caused severe emotional distress, humiliation, and embarrassment, and caused special damages in the form of lost income.

12 of 13

*Tudrud v. Wildflower Court, Inc., et al.*
First Amended Complaint

74. Plaintiff is unable to find new employment because she would be forced to republish the defamation when asked the reason given by Defendants for discharging her.

75. In making false and defamatory statements about Plaintiff's job performance, Defendants acted despicably, with malice, fraud and oppression, entitling Plaintiff to an award of both general and punitive damages.

76. Defendants made false and defamatory statements about Plaintiff's job performance in order to retrospectively justify Plaintiff's wrongful discharge.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. An award of all compensation, including lost wages and benefits, that Plaintiff would have earned, plus interest at the legal rate, from the date of her termination;

B. An award of all future compensation, including lost wages and benefits, that Plaintiff would have earned throughout her expected work life;

C. An award of compensatory damages, including, but not limited to, damages for mental anguish, loss of esteem, humiliation, and damage to Plaintiff's business reputation;

D. An award of punitive damages;

E. An award of attorneys' fees and costs;

F. All other relief as this Court may deem just and proper.

DATED this _19th_ day of December 2005 at Juneau, Alaska.

CHOATE LAW FIRM LLC
Attorneys for Plaintiff

By: _Jessica L. Srader_
Jessica L. Srader
AK Bar No. 0412105

Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

RECEIVED 3:20pm mE
DEC 21 2005
WFC

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FIRST JUDICIAL DISTRICT AT JUNEAU

MILA TUDTUD,

    Plaintiff,

vs.

WILDFLOWER COURT, INC.,
RICH YOUNG, individually and in his
capacity as Director of Support Services,
MILLIE DUNCAN, individually and in her
capacity as Administrator, and
KYLA ALLRED, individually and in her
capacity as Human Resources Manager,

    Defendants.

Case No. 1JU-05-977 CIV

### SUMMONS

TO: KYLA ALLRED
1441 Glacier Highway
Juneau, AK 99801-7848

YOU ARE HEREEBY SUMMONED and required to serve upon the JUNEAU TRIAL COURTS, Dimond Courthouse, P.O. Box 114100, Juneau, Alaska 99811-4100, and a copy upon the Choate Law Firm LLC, 424 N. Franklin Street, Juneau, AK 99801; an Answer to the Complaint which is herewith served upon you, within 20 days after the service of this Summons upon you. **IF YOU FAIL TO DO**

**SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

RESPECTFULLY SUBMITTED on this 19 day of December, 2005 at Juneau, Alaska.



Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| MILA TUDTUD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILDFLOWER COURT, INC., ) <br> RICH YOUNG, individually and in his ) <br> capacity as Director of Support Services, ) <br> MILLIE DUNCAN, individually and in her ) <br> capacity as Administrator, and ) <br> KYLA ALLRED, individually and in her ) <br> capacity as Human Resources Manager. ) <br> ) <br> Defendants. ) | Case No. 1JU-05-_____ CIV |

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MILA TUDTUD, by and through her undersigned attorneys, and requests a Jury Trial in this matter.

DATED this _19th_ day of December 2005 at Juneau, Alaska.

CHOATE LAW FIRM LLC
Attorneys for Plaintiff

By: _Jessica L. Srader_
Jessica L. Srader
AK Bar No. 0412105