Stacy L. Walker, Esq.
Richmond & Quinn, PC
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: (907) 276-5727
Facsimile: (907) 276-2953

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MILA TUDTUD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:06-cv-00002 JKS |
| ) | |
| WILDFLOWER COURT, INC.; RICH ) | |
| YOUNG, Individually and as Director ) | |
| of Support Services; MILLIE DUNCAN, ) | |
| individually and as Administrator; and ) | |
| KYLA ALLRED, individually and as ) | |
| Human Resources Manager, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ANSWER

COME NOW defendants Wildflower Court, Inc., Rich Young, Millie Duncan, and Kyla Allred, by and through counsel Richmond & Quinn, and for their answer to plaintiff's complaint admit, deny, and allege as follows:

1. With regard to paragraph 1 of plaintiff's complaint, answering defendants admit that plaintiff was employed by defendant Wildflower Court, Inc. as a home

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

attendant. Answering defendants admit that plaintiff was terminated on or about September 17, 2004. Defendants deny all other allegations contained therein.

2. With regard to paragraph 2 of plaintiff's complaint, answering defendants deny the allegations contained therein.

3. With regard to paragraph 3 of plaintiff's complaint, answering defendants deny the allegations contained therein.

4. With regard to paragraph 4 of plaintiff's complaint, answering defendants deny the allegations contained therein.

5. With regard to paragraph 5 of plaintiff's complaint, answering defendants admit the allegations contained therein.

6. With regard to paragraph 6 of plaintiff's complaint, answering defendants are without sufficient information to admit or deny same and therefore deny the allegations contained therein.

7. With regard to paragraph 7 of plaintiff's complaint, answering defendants admit the allegations contained therein.

8. With regard to paragraph 8 of plaintiff's complaint, answering defendants admit the allegations contained therein.

9. With regard to paragraph 9 of plaintiff's complaint, answering defendants admit that Wildflower Court, Inc. is a nonprofit Alaska corporation that operates Wildflower Court, Inc., a nursing care and rehabilitative services facility located in Juneau, Alaska. Answering defendants further admit that St. Ann's Care Center, Inc was the

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

predecessor of Wildflower Court, Inc. and that Wildflower Court, Inc. consists of three "homes," Blueberry Place, Cranberry Cottage, and Huckleberry Lodge, and an administrative center. Answering defendants deny the remaining allegations contained therein.

10. With regard to paragraph 10 of plaintiff's complaint, answering defendants admit that, during the time the events outlined in the complaint allegedly occurred, defendant Rich Young was the Director of Support Services at Wildflower Court, Inc. and was plaintiff's supervisor.

11. With regard to paragraph 11 of plaintiff's complaint, answering defendants admit that, during the time the events outlined in the complaint allegedly occurred, defendant Millie Duncan was the Administrator at Wildflower Court, Inc. and participated in terminating plaintiff's employment.

12. With regard to paragraph 12 of plaintiff's complaint, answering defendants admit that, during the time the events outlined in the complaint allegedly occurred, defendant Kyla Allred was the Human Resources Manager at Wildflower Court, Inc. and participated in terminating Plaintiff's employment.

13. With regard to paragraph 13 of plaintiff's complaint, answering defendants deny the allegations contained therein.

14. With regard to paragraph 14 of plaintiff's complaint, answering defendants deny the allegations contained therein.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

15. With regard to paragraph 15 of plaintiff's complaint, answering defendants admit the allegations contained therein.

16. With regard to paragraph 16 of plaintiff's complaint, answering defendants deny the allegations contained therein.

17. With regard to paragraph 17 of plaintiff's complaint, answering defendants admit that, prior to the time the events set forth in the complaint allegedly occurred, Wildflower Court, Inc. issued an employee handbook. Answering defendants admit that the handbook was effective during all times relevant. Answering defendants deny all other allegations contained therein.

18. With regard to paragraph 18 of plaintiff's complaint, answering defendants admit that the plaintiff had been employed for longer than six months at the time of her termination.

19. With regard to paragraph 19 of plaintiff's complaint, answering defendants deny the allegations contained therein.

20. With regard to paragraph 20 of plaintiff's complaint, answering defendants deny the allegations contained therein.

21. With regard to paragraph 21 of plaintiff's complaint, answering defendants admit that at times during plaintiff's tenure as a home attendant for Wildflower Court, Inc., defendant Rich Young praised her for positive interactions with the residents of Wildflower Court, Inc. Answering defendants deny all other allegations contained therein.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

22. With regard to paragraph 22 of plaintiff's complaint, answering defendants admit that on one occasion, defendant Rich Young commented on the plaintiff's compassion in caring for Wildflower Court, Inc.'s residents. Answering defendants deny all other allegations contained there.

23. With regard to paragraph 23 of plaintiff's complaint, answering defendants admit that on or about August 11, 2004, plaintiff received a copy of the agenda and meeting minutes of a support services staff meeting at which time defendant Millie Duncan informed employees that defendants intended to close Salmonberry Village. Answering defendants deny all other allegations contained therein.

24. With regard to paragraph 24 of plaintiff's complaint, answering defendants admit that on or about September 17, 2004, plaintiff's employment at Wildflower Court, Inc. was terminated. Defendants deny all remaining allegations contained therein.

25. With regard to paragraph 25 of plaintiff's complaint, answering defendants admit that when plaintiff asked why she was being discharged, defendant Millie Duncan told her that she was being terminated because Wildflower Court, Inc. was downsizing. Defendants deny all remaining allegations contained therein.

26. With regard to paragraph 26 of plaintiff's complaint, answering defendants admit that Kyla Allred wrote a memorandum to plaintiff's personnel file stating that Millie Duncan explained to plaintiff the defendants' decision to discharge the plaintiff and to eliminate her position. Answering defendants deny all remaining allegations contained therein.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

27.    With regard to paragraph 27 of plaintiff's complaint, answering defendants admit that defendant Kyla Allred filled out an exit checklist concerning the termination of plaintiff's employment which stated that plaintiff was ineligible for rehire based on her performance. Answering defendants deny all remaining allegations contained therein.

28.    With regard to paragraph 28 of plaintiff's complaint, answering defendants deny the allegations contained therein.

29.    With regard to paragraph 29 of plaintiff's complaint, answering defendants admit that on or about October 29, 2004, plaintiff received a letter from Wildflower Court, Inc. Board President Larry Persily. Answering defendants deny all other the allegations contained therein.

30.    With regard to paragraph 30 of plaintiff's complaint, answering defendants admit that the defendants retained home attendants who were younger than the plaintiff. Answering defendants further admit that they retained employees with less seniority than the plaintiff and whose compensation and benefit costs were less than plaintiff's.

31.    With regard to paragraph 31 of plaintiff's complaint, answering defendants are without sufficient information to admit or deny the allegations contained therein and therefore deny the same.

32.    With regard to paragraph 32 of plaintiff's complaint, answering defendants deny the allegations contained therein.

33.    With regard to paragraph 33 of plaintiff's complaint, answering defendants deny the allegations contained therein.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

34.  With regard to paragraph 34 of plaintiff's complaint, answering defendants deny the allegations contained therein.

35.  With regard to paragraph 35 of plaintiff's complaint, answering defendants reallege and incorporate by reference their answers to the allegations contained in paragraphs 1-34 and further answer as follows:

36.  With regard to paragraph 36 of plaintiff's complaint, answering defendants deny the allegations contained therein.

37.  With regard to paragraph 37 of plaintiff's complaint, answering defendants admit that the employee handbook states that an employee's employment would not be terminated except for cause or reason. Answering defendants deny the remaining allegations contained therein.

38.  With regard to paragraph 38 of plaintiff's complaint, answering defendants admit that the employee handbook states that violation of Wildflower standards will result in either discharge, suspension, written warning, or oral warning. Answering defendants further admit that in deciding on the appropriate corrective action, the employee handbook states that Wildflower will consider the seriousness of the infraction, the employee's past record; and the circumstances surrounding the matter. Answering defendants deny all other allegations contained therein.

39.  With regard to paragraph 39 of plaintiff's complaint, answering defendants admit that Wildflower Court, Inc.'s written administrative polices provided that if a reduction in force was necessary, defendants could consider, amongst other things,

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

ANSWER
Tudtud v. Wildflower Court et al., 1:06-cv-00002 JKS
Page 7 of 13

employees' current and past performance and their length of service with Wildflower Court, Inc.. Answering defendants deny all other allegations contained therein.

40. With regard to paragraph 40 of plaintiff's complaint, answering defendants deny the allegations contained therein.

41. With regard to paragraph 41 of plaintiff's complaint, answering defendants deny the allegations contained therein.

42. With regard to paragraph 42 of plaintiff's complaint, answering defendants deny the allegations contained therein.

43. With regard to paragraph 43 of plaintiff's complaint, answering defendants deny the allegations contained therein.

44. With regard to paragraph 44 of plaintiff's complaint, answering defendants deny the allegations contained therein.

45. With regard to paragraph 45 of plaintiff's complaint, answering defendants deny the allegations contained therein.

46. With regard to paragraph 46 of plaintiff's complaint, answering defendants deny the existence of an employment contract or any breach thereof. As to the remaining allegations, no answer is due.

47. With regard to paragraph 47 of plaintiff's complaint, answering defendants reallege and incorporate by reference their answers to the allegations contained in paragraphs 1-47 and further answer as follows:

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

48. With regard to paragraph 48 of plaintiff's complaint, this paragraph contains statements of law to which no answer is due.

49. With regard to paragraph 49 of plaintiff's complaint, answering defendants deny the allegations contained therein.

50. With regard to paragraph 50 of plaintiff's complaint, answering defendants deny the allegations contained therein.

51. With regard to paragraph 51 of plaintiff's complaint, answering defendants deny breach. As to the alleged damages, answering defendants are without sufficient information to admit or deny same and therefore denies the same.

52. With regard to paragraph 52 of plaintiff's complaint, answering defendants deny breach. As to the alleged damages, answering defendants are without sufficient information to admit or deny same and therefore denies the same.

53. With regard to paragraph 53 of plaintiff's complaint, plaintiff's statement regarding punitive damages requires no answer and is, therefore, denied. As to the remaining allegations, answering defendants deny same.

54. With regard to paragraph 54 of plaintiff's complaint, answering defendants reallege and incorporate by reference their answers to the allegations contained in paragraphs 1-53 and further answer as follows:

55. With regard to paragraph 55 of plaintiff's complaint, answering defendants admit that AS 18.80.220 makes it unlawful for an employer to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

ANSWER
Tudtud v. Wildflower Court et al., 1:06-cv-00002 JKS
Page 9 of 13

person's age when the reasonable demands of the position do not require distinction on the basis of age. Answering defendants deny all other allegations contained therein.

56. With regard to paragraph 56 of plaintiff's complaint, answering defendants deny the allegations contained therein.

57. With regard to paragraph 57 of plaintiff's complaint, answering defendants deny the allegations contained therein.

58. With regard to paragraph 58 of plaintiff's complaint, plaintiff's statement regarding punitive damages requires no answer and is therefore denied. As to the remaining allegations, answering defendants deny same.

59. With regard to paragraph 59 of plaintiff's complaint, answering defendants reallege and incorporate by reference their answers to the allegations contained in paragraphs 1-58 and further answer as follows:

60. With regard to paragraph 60 of plaintiff's complaint, individual defendants, Rich Young, Millie Duncan, and Kyla Allred admit that they were each acting within the course and scope of his or her employment when they terminated the plaintiff's employment. Answering defendants deny all other allegations contained therein.

61. With regard to paragraph 61 of plaintiff's complaint, answering defendants deny the allegations contained therein.

62. With regard to paragraph 62 of plaintiff's complaint, answering defendants deny the allegations contained therein.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

63. With regard to paragraph 63 of plaintiff's complaint, answering defendants deny the allegations contained therein.

64. With regard to paragraph 64 of plaintiff's complaint, answering defendants deny the allegations contained therein.

65. With regard to paragraph 65 of plaintiff's complaint, answering defendants reallege and incorporate by reference their answers to the allegations contained in paragraphs 1-64 and further answer as follows:

66. With regard to paragraph 66 of plaintiff's complaint, answering defendants deny the allegations contained therein.

67. With regard to paragraph 67 of plaintiff's complaint, answering defendants deny the allegations contained therein.

68. With regard to paragraph 68 of plaintiff's complaint, answering defendants deny the allegations contained therein.

69. With regard to paragraph 69 of plaintiff's complaint, answering defendants deny the allegations contained therein.

70. With regard to paragraph 70 of plaintiff's complaint, answering defendants deny the allegations contained therein.

71. With regard to paragraph 71 of plaintiff's complaint, answering defendants deny the allegations contained therein.

72. With regard to paragraph 72 of plaintiff's complaint, answering defendants deny the allegations contained therein.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

73. With regard to paragraph 73 of plaintiff's complaint, answering defendants deny the allegations contained therein.

74. With regard to paragraph 74 of plaintiff's complaint, answering defendants deny the allegations contained therein.

75. With regard to paragraph 75 of plaintiff's complaint, answering defendants deny the allegations contained therein.

76. With regard to paragraph 76 of plaintiff's complaint, answering defendants deny the allegations contained therein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer and by way of further affirmative defenses, answering defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not have an employment contract with the defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff signed a binding arbitration agreement.

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## FURTHER AFFIRMATIVE DEFENSES

Defendants reserve the right to assert whatever other affirmative defenses and/or counterclaims may become available as discovery progresses.

DATED this 24th day of January 2006, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendants Wildflower Court Inc., Rich Young, Millie Duncan, and Kyla Allred

By: _____
Stacy L. Walker
Alaska Bar No. 0005014

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this 24th day of January 2006 on:

Jessica L. Srader
Choate Law Firm LLC
424 N. Franklin
Juneau, AK 99801

_____
RICHMOND & QUINN

108.\528\Pld\ANSWER (USDC)

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

ANSWER
Tudtud v. Wildflower Court et al., 1:06-cv-00002 JKS
Page 13 of 13