Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MILA TUDTUD,                                   )<br>                                                            )<br>            Plaintiff,                                  )<br>                                                            )<br>    vs.                                                    )<br>                                                            )<br>WILDFLOWER COURT, INC., RICH   )<br>YOUNG, individually and in his capacity )<br>as Director of Support Services, MILLIE )<br>DUNCAN, individually and in her            )<br>capacity as Administrator, and KYLA    )<br>ALLRED, individually and in her capacity )<br>as Human Resources Manager,               )<br>                                                            )<br>            Defendants.                            ) | Case No. 1:06-CV-02 (JKS) |

## MOTION TO REMAND CASE TO STATE COURT

Plaintiff Mila Tudtud moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this case back to the state court in Juneau.  This motion is made on the grounds that this case primarily involves state law claims to which any federal claim is merely ancillary, this case was properly filed in state court and removal was unwarranted.  Plaintiff also moves this Court, pursuant to 28 U.S.C. § 1447(c), to order Defendants to pay costs and expenses, including attorneys' fees, incurred by Plaintiff in connection with this motion to remand.

1 of 13

*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

# I. BACKGROUND

Plaintiff was employed for more than twenty-four years by Defendant Wildflower Court, Inc.[1] Her employment agreement required good cause for termination and preference for retaining more senior employees in the event of a layoff.[2] Plaintiff's job performance was at all times excellent.[3] Nonetheless, on September 17, 2004, when Plaintiff was just three years from retirement, her employment was terminated while more junior and less qualified employees were retained.[4] The individual Defendants, who were her supervisors or otherwise involved in the termination of Plaintiff's employment, fabricated defamatory criticisms of Plaintiff's performance in an attempt to justify their discriminatory decision to terminate Plaintiff's employment.[5]

Prior to filing this lawsuit, Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission, and that charge was cross-filed with the Alaska State Commission for Human Rights.[6] Plaintiff requested a right to sue letter, and on December 19, 2005 timely filed the present complaint after she received that letter.[7] The complaint, which was filed in the Juneau Superior Court, case number 1JU-05-977 CIV, states causes of action for breach of contract, breach of the covenant of good faith and fair dealing, violation of the

---

[1] Complaint ¶ 15.

[2] *Id.* at ¶¶ 17 & 19.

[3] *Id.* at ¶¶ 20-22.

[4] *Id.* at ¶¶ 24 & 30.

[5] *Id.* at ¶¶ 10-12, 27 & 33.

[6] *Id.* at ¶ 6.

[7] *Ibid.*

2 of 13

*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

public policy against age discrimination, employment discrimination in violation of the Alaska Human Rights Act and the Age Discrimination in Employment Act ("ADEA"), and defamation.

First, the Complaint alleges that Wildflower Court breached oral written and implied agreements that Plaintiff's employment with Wildflower Court would not be terminated without good cause or reason and that her accrued seniority, compensation level and proximity to retirement age would be considered as factors in favor of continuing her employment, rather than factors prompting her discharge.[8] This claim is founded exclusively on Alaska state law.[9]

Second, Plaintiff alleges that Defendants breached the covenant of good faith and fair dealing: (1) when they discharged Plaintiff in order to unfairly deprive her of the benefits contemplated by her employment contract, including but not limited to her compensation and retirement benefits; (2) when they discharged Plaintiff's employment for false reasons and in a manner that was inconsistent with Defendant Wildflower Court's stated policies and practices; (3) when they surreptitiously inserted defamatory memos into Plaintiff's personnel file for the purpose of creating pretextual reasons for terminating Plaintiff's employment and designating her unqualified for re-hire; and (4) when they terminated Plaintiff's employment because of her age and her impending retirement.[10] Under Alaska law, the covenant is breached when an employer fails to act in a manner that a reasonable person would consider fair, which includes treating similarly situated employees disparately, terminating employees on unconstitutional grounds, and terminating employees in violation of public policy.[11]

Third, Plaintiff claims that Defendants wrongfully terminated her employment at Wildflower Court in violation of public policy.[12] In support of this claim, the complaint states,

---

[8] Complaint ¶¶ 37-39.

[9] *See*, *Jones v. Central Peninsula General Hosp.*, 779 P.2d 783, 787 (Alaska 1989).

[10] Complaint ¶ 50.

[11] *Charles v. Interior Regional Housing Authority*, 55 P.3d 57, 62 (Alaska 2002).

[12] Complaint ¶¶ 54-58.

3 of 13
*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

"Defendants' termination of Plaintiff was in violation of the explicit public policy of this state as expressed in the Alaska Human Rights Act, AS § 18.80.220(a)(1) and the Age Discrimination in Employment Act when they terminated Plaintiff's employment because of her age and her impending retirement."[13]  Again, it is state, not federal, law that creates the cause of action for wrongful discharge or breach of the covenant of good faith and fair dealing in violation of public policy,[14] and any reference to the ADEA is ancillary.

Next, Plaintiff claims employment discrimination.[15]  Specifically, Plaintiff alleges that Defendants terminated her "in violation of the laws of this State forbidding age discrimination, including the Alaska Human Rights Act, AS § 18.80.220(a)(1), and the Age Discrimination in Employment Act."[16]  This claim is based on parallel state and federal laws that both forbid age discrimination in employment.

Finally, Plaintiff claims defamation.[17]  She alleges that Defendants knowingly made and published false statements that Plaintiff's poor job performance was the cause of her discharge.[18]  Once again, state law creates this cause of action.

In the seventy-six paragraphs of Plaintiff's Complaint, she references the ADEA only four times, and in each of those cases, Plaintiff also cites the Alaska Human Rights Act.[19] First, in paragraph 6, she states, "[a]ny and all prerequisites to bringing this action as prescribed by the Age Discrimination in Employment Act, 29 USC § 621, et seq., and *the Alaska Human*

---

[13] Complaint ¶ 56.

[14] *See*, *Luedtke v. Nabors Alaska Drilling, Inc.,* 768 P.2d 1123, 1130 (Alaska 1989).

[15] Complaint ¶¶ 59-64.

[16] Complaint ¶ 60.

[17] Complaint ¶¶ 65-73.

[18] Complaint ¶ 69-73.

[19] Complaint ¶¶ 6, 34, 56, & 60.

*Rights Act, AS 18.20, et seq.*, have been satisfied . . ..."[20] Next, in paragraph 34, Plaintiff states, "Defendants' termination of Plaintiff's employment because of her age and seniority violated *the Alaska Human Rights Act*, the Age Discrimination in Employment Act and specific public policy."[21] Third, in paragraph 56, as discussed supra, Plaintiff cites both the Age Discrimination in Employment Act and the Alaska Human Rights Act as examples of the state's public policy against age discrimination in employment.[22] Finally, in paragraph 60, Plaintiff alleges that Defendants violated the laws of this state forbidding age discrimination, "including the *Alaska Human Rights Act, AS 18.80.220(a)(1)*, and the Age Discrimination in Employment Act."[23]

In sum, Plaintiff's causes of action for breach of contract, breach of the covenant of good faith and fair dealing and defamation are founded exclusively upon state law. Plaintiff's causes of action for violation of public policy and for employment discrimination are founded upon coextensive state and federal laws forbidding age discrimination in employment.

Despite the fact that it is state law that has the most substantial impact on Plaintiff's claims, on January 18, 2006, Defendants removed this case to the United States District Court for the District of Alaska. Plaintiff now moves this Court to remand the case back to the Juneau Superior Court because this Court lacks sufficient subject matter jurisdiction.

## II. LEGAL STANDARD

Defendants removed this case based solely upon their insupportable assertion that the complaint raises a federal question. The presence or absence of federal question jurisdiction sufficient to justify removal is determined by whether the face of the plaintiff's well-pleaded complaint presents a federal question.

---

[20] Complaint ¶ 6 (emphasis added).

[21] Complaint ¶ 34 (emphasis added).

[22] Complaint ¶ 56.

[23] Complaint ¶ 60 (emphasis added).

*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

5 of 13

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

A party seeking to remove a case to federal court has the burden of proving the existence of federal jurisdiction and the propriety of removal.[24] Defendants' burden for the purposes of removal requires actual proof of facts to support federal jurisdiction or a reasonable probability that such jurisdiction exists.[25]

The removal statute, 28 U.S.C. § 1441, provides in pertinent part:

> [a]ny civil action of which the District Courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties.[26]

Federal courts are courts of limited jurisdiction, and the removal statute is strictly construed.[27] There is a strong presumption against removal jurisdiction.[28] Accordingly, when there is any doubt as to the propriety of removal, it must be resolved in favor of remanding the case to state court.[29]

The "well-pleaded complaint rule" governs the presence or absence of federal question jurisdiction.[30] Under this rule, federal courts have removal jurisdiction only when the plaintiff's "well pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial

---

[24] *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

[25] *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

[26] 28 U.S.C. § 1441(b).

[27] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108--109 (1941); *see also*, *Duncan,* 76 F.3d at 1485; *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Gaus*, 980 F.2d at 566.

[28] *Shamrock Oil & Gas Corp.*, 313 U.S. at 108--109; *see also*, *Duncan,* 76 F.3d at 1485; *Boggs*, 863 F.2d at 663; *Gaus*, 980 F.2d at 566.

[29] *Duncan,* 76 F.3d at 1485; *Boggs*, 863 F.2d at 663.

[30] *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).

6 of 13
*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

question of federal law."[31] The federal court's jurisdiction must affirmatively appear from the material allegations of the complaint.[32]

In the context of federal question jurisdiction, a case "arises under" federal law, either when federal law creates the cause of action or when "the vindication of a right under state law necessarily turns on some construction of federal law."[33] Federal question jurisdiction is not created merely because a violation of federal law is an element of a state law claim.[34] Nor does referring to a federal statute in a pleading establish federal question jurisdiction.[35] In order for there to be federal question jurisdiction, the disputed question of federal law must be an essential element of the plaintiff's well-pleaded state claims.[36] "Federal question jurisdiction would, thus, exist only if plaintiffs' right to relief *depended necessarily* on a substantial question of federal law."[37] As the Ninth Circuit held in *Rains v. Criterion Systems, Inc.*,[38] "When a claim can be supported by alternative and independent theories--one of which is a state law theory and one of which is a federal law theory--federal question jurisdiction *does not attach because federal law is not a necessary element* of the claim."[39]

---

[31] *Franchise Tax Board*, 463 U.S. at 27-28; *see also*, *Rivet*, 522 U.S. at 475; *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149, 153 (1908).

[32] *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

[33] *Franchise Tax Board*, 463 U.S. at 8-9; 28 U.S.C.A. § 1331.

[34] *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002).

[35] *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

[36] *Franchise Tax Board*, 463 U.S. at 13; *Gully v. First National Bank*, 299 U.S. 109, 112 (1936).

[37] *Merrell Dow Pharmaceuticals, Inc.*, 478 U.S. at 807 (quoting and affirming *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 766 F.2d 1005, 1006 (6th Cir. 1985) (emphasis in original).

[38] 80 F.3d 339 (9th Cir. 1996).

[39] *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (emphasis added).

*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

Accordingly, the Ninth Circuit held in *Rains, supra,* that basing a wrongful discharge claim in part upon public policy expressed by Title VII did not confer federal question removal jurisdiction.[40]

> "The invocation of Title VII as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes the state constitutional provision or state statute that can and does serve the same purpose."[41]

Although in *Rains* the court analyzed federal question jurisdiction for purposes of Title VII, it applied the principles established by the United States Supreme Court in *Christianson v. Colt Industries Operating Corp.*[42] Circuit courts applying *Christianson* have consistently held that cases involving state and federal law claims, such as the present case, do not give rise to federal question jurisdiction.[43] The Ninth Circuit held in *Rains* that federal subject matter jurisdiction does not exist where discrimination claims are founded upon state law, even if alternative violation of federal law is also pled.[44]

---

[40] 80 F.3d 339, 343 (9th Cir. 1996).

[41] *Rains*, 80 F.3d at 346; *see also, Grimes v. Placid Refining Co.*, 753 F.Supp. 622, 622--624 (D.C. La. 1990) (remanding a case where Plaintiffs alleged violations of numerous federal environmental regulations to support state law theories of liability stemming from alleged harmful emissions from a refinery and holding that there was no federal question jurisdiction because federal violations were adduced only as evidence of the defendant's breach of the proper duty of care); *Wagner v. Regent Investments, Inc.*, 903 F.Supp. 966, 970 (E.D. Va. 1995) (remanding the case to state court and holding that incorporation of the ADA standards in state common law claim was not sufficient to trigger federal question jurisdiction).

[42] 486 U.S. 800, 810 (1988) (holding "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.").

[43] *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 153 (4th Cir.1994) (holding that a state negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction); *See also, Rains,* 80 F.3d at 346; *Willy v. Coastal Corp.*, 855 F.2d 1160, 1171 (5th Cir.1988) (considering a wrongful discharge action and holding that there was no federal jurisdiction under *Christianson*).

[44] *Rains*, 80 F.3d at 346; *Mulcahey*, 29 F.3d at 153; *Willy*, 855 F.2d at 1171.

*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

### III. ARGUMENT

**A. Removal was improper**

In their notice, Defendants assert that because Plaintiff alleges that her termination "was in violation of . . . the Age Discrimination in Employment Act[,] . . . the complaint raises a federal question under 28 U.S.C. § 1331."[45]

But examination of the complaint demonstrates that Plaintiff's claims referencing the ADEA were only alternative theories of wrongful discharge and violation of public policy, completely coextensive with her claims that Defendants violated the Alaska Human Rights Act, AS § 18.80.220. Plaintiff alleges that Defendants wrongfully terminated her employment at Wildflower Court, that her termination was motivated by age discrimination and that Defendants attempted to disguise their wrongful motive with reasons that were pretexts and defamatory. In support of Plaintiff's claims of wrongful discharge and employment discrimination, the complaint references "the laws of this State forbidding age discrimination, including *the Alaska Human Rights Act, AS 18.80.220(a)(1)*, and the Age Discrimination in Employment Act."[46]

Plaintiff's reliance upon the ADEA is not a "necessary element" of the state law claims because state law independently espouses the same public policy established by the ADEA. Although the complaint refers to the ADEA as one basis for demonstrating that there is a prohibition against employment discrimination on the basis of age, the complaint also refers to and primarily relies on the Alaska Human Rights Act, AS 18.80.220(a)(1), which explicitly prohibits employment discrimination on the basis of age. The Alaska statute states,

> it is unlawful for . . . an employer to refuse employment to a person, or to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment . . . because of the person's age . . . when the reasonable demands of the position do not require distinction on the basis of age . . ..

---

[45] Notice of Removal, filed on January 18, 2006 (ellipses in original).

[46] Complaint, ¶ 56 (emphasis added).

9 of 13

*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

Plaintiff referred to the ADEA merely as one available criterion for determining whether Defendants wrongfully terminated her employment and breached the implied covenant of good faith and fair dealing in violation of public policy and state law. The jury could find that Defendants wrongfully terminated Plaintiff's employment contract, breached the implied covenant of good faith and fair dealing, defamed her, discriminated against her on the basis of her age and violated state law and public policy, all without even considering whether Defendants also violated federal law. Plaintiffs' causes of action do not depend upon any question of federal law. Consequently, the case was improperly removed to federal court.

### B. Attorney's fees and costs

"[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[47] Although the only discernible reason for this removal is to cause needless delay and expense, the motives of a party who improperly removes a case are less significant than the mere absence of subject matter jurisdiction.[48] An award of attorneys' fees pursuant to § 1447(c) is within the discretion of the district court, and bad faith need not be demonstrated.[49] The statute allows this Court to reimburse Plaintiff for the unnecessary costs and expenses Defendants caused. Plaintiff asks that this Court exercise its discretion and award her the costs and expenses she incurred as a result of Defendants' improper removal of this case.

### IV. CONCLUSION

Plaintiff claims that her employment was wrongfully terminated, in violation of state and federal laws against age discrimination. Federal law is not a necessary element of Plaintiff's claims, all of which are fully supported by state law, therefore federal question

---

[47] 28 U.S.C. § 1447(c).

[48] *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

[49] *Moore*, 981 F.2d at 448.

jurisdiction does not attach. This Court lacks subject matter jurisdiction and should remand this case to state court. Because removal was improper, this Court may and should order Defendants to pay the costs and expenses, including attorneys' fees, incurred by Plaintiff in bringing this motion.

DATED this 10th day of February, 2006.

                                    Respectfully submitted,
                                    CHOATE LAW FIRM LLC


                                    /s/ Mark C. Choate
                                    MARK CHOATE # 8011070
                                    JESSICA L. SRADER #0412105
                                    Attorneys for Plaintiff

11 of 13

*Tudtud, Mila vs. Wildflower Court et. al.*
Motion to Remand
1:06cv00002 (JKS)

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

**PROOF OF SERVICE**

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin St. Juneau, AK 99801.

On the 10th day of February 2006, I served the foregoing document described as *Motion to Remand Case to State Court*, on the interested parties in this action by serving the original true copies, addressed as follows:

Stacy L. Walker
Richmond & Quinn
Attorney For: Wildflower Court
360 K Street, Suite 200
Anchorage, AK  99501
Phone: (907) 276-5727
Fax: (907) 276-2953

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☒ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system.

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on the 10th day of February 2006, at Juneau, Alaska.

/s/ Jessica L. Srader
CHOATE LAW FIRM, LLC

12 of 13

*Tudtud, Mila vs. Wildflower Court, et. al.*
Motion to Remand
1:06cv00002-JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MILA TUDTUD, )
)
          Plaintiff, )
)
vs. )
)
WILDFLOWER COURT, INC., RICH )
YOUNG, individually and in his capacity )
as Director of Support Services, MILLIE )
DUNCAN, individually and in her capacity )
as Administrator, and KYLA ALLRED, )
individually and in her capacity as Human )
Resources Manager, )
)
          Defendants. )   Case No. 1:06-CV-02 (JKS)

## ORDER ON MOTION TO REMAND CASE TO STATE COURT

Plaintiff, Mila Tudtud asks the court to remand this case to the Superior Court for the State of Alaska First Judicial District at Juneau for lack of sufficient federal question jurisdiction.

Because federal law is not a necessary element of Plaintiff's claims, all of which are fully supported by state law, federal question jurisdiction does not attach. This Court lacks subject matter jurisdiction and the case is hereby remanded to state court.

Because removal was improper, Defendants shall pay the costs and expenses, including attorneys' fees, incurred by Plaintiff in bringing this motion.

IT IS SO ORDERED.

Dated this _____ day of _____, 2006.

_____
James K. Singleton, Jr.
United States District Judge

13 of 13

*Tudtud, Mila vs. Wildflower Court, et. al.*
Motion to Remand
1:06cv00002-JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490