Stacy L. Walker, Esq.
Richmond & Quinn, PC
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: (907) 276-5727
Facsimile: (907) 276-2953
swalker@richmondquinn.com
Attorneys for Defendants Wildflower Court, Inc.,
Rich Young, Millie Duncan, and Kyla Allred

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MILA TUDTUD, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> WILDFLOWER COURT, INC.; RICH ) <br> YOUNG, Individually and as Director ) <br> of Support Services; MILLIE DUNCAN, ) <br> individually and as Administrator; and ) <br> KYLA ALLRED, individually and as ) <br> Human Resources Manager, ) <br> ) <br> Defendants. ) <br> _____) | **OPPOSITION TO** <br> **MOTION TO REMAND** <br><br><br><br><br><br><br><br> Case No. 1:06-cv-00002 JKS |

The plaintiff has moved to remand this case to state court pursuant to 28 USC 1447(c). The plaintiff argues that since the majority of her claims relate to a claimed breach of her employment contract and violation of the covenant of good faith and fair dealing, this court should divest itself of jurisdiction and send the matter back to Alaska state court.

The defendant opposes the plaintiff's motion. The plaintiff has brought a claim for damages under the federal Age Discrimination in Employment Act (ADEA). A cause of action under the ADEA vests this court with original jurisdiction over the case. Although she downplays her federal cause of action in her motion, there is no doubt from her complaint that she is asserting a federal cause of action. The motion to remand should be denied.

## **Legal Analysis**

This court has original jurisdiction over the plaintiff's federal causes of action as claims "arising under the Constitution, laws, or treaties of the United States and as claims "arising under any Act of Congress regulating commerce." See 28 U.S.C. 1331; 28 USC 1337(a). The plaintiff cites a number of cases addressing situations where the plaintiff references or cites federal code but is not actually bringing a cause of action which "arises under" those provisions.

For example, the plaintiff relies on the Ninth Circuit's holding in Rains v. Criterion Systems, Inc., 80 F.3d 339, 343 (9th Cir. 1996). The plaintiff in Rains did not actually bring a claim for damages under federal law. Id. at 343. Rains' complaint made a reference to Title VII only in reference to the claim that public policy had been violated. Id. In other words, Rains was simply citing Title VII as proof of a public policy the defendant had allegedly violated. Id.

The defendant agrees that a peripheral citation to federal law as part of a state law cause of action does not establish federal jurisdiction. Here, however, the plaintiff's complaint includes an overt claim under the ADEA. <u>See</u> complaint at 2, 10, 11. The references are hardly peripheral. She specifies that she is bringing a claim not only under AS 18.80.220, but also under the federal ADEA at 29 USC 621. <u>Id</u>. at 2. She lists her ADEA claim under her cause of action for employment discrimination, not just as an example of general public policy.

The plaintiff even went to the trouble of bringing a claim with the EEOC in order to clear the way for her federal cause of action. <u>See</u> complaint at 2-3. She notes that she received a Notice of Right to Sue on September 28, 2005. <u>Id</u>. at 3. There would be no reason to go to such procedural trouble if she had only hoped to cite the federal provisions as evidence of an established public policy.

The plaintiff's citation to <u>Christianson v. Colt</u> is also of no assistance to us here. 486 U.S. 800 (1988). The plaintiffs in that case brought an array of antitrust and contract claims. <u>Id</u>. at 808. Several issues involving patents were raised in defense and a number of patents were part of the evidence, but the Supreme Court held that this was not enough to constitute an actual federal cause of action for violation of federal patent law and therefore did not give rise to federal jurisdiction. <u>Id</u>.

Likewise, in <u>Willy v. Coastal Corp</u>, the court held that a plaintiff's allegations that he had been terminated in part because of whistle-blowing regarding what he claimed were violations of environmental and securities laws were not sufficient to

give rise to original federal jurisdiction.  855 F.2d 1160 (5th Cir. 1988).  However, in those cases the federal issues were truly secondary to the cause of action, which remained under state law.  The plaintiff did not actually bring a claim under federal securities or environmental laws.  The reference to and discussion of these laws was strictly evidentiary and formed an alternative basis of relief.

Plaintiff's citation to Mulcahney v. Columbia Organic Chemicals provides even less support for her position.  29 F.3d 148 (4th Cir. 1994).  In that case, the Court of Appeals held that the plaintiffs had failed to show that they had any federal cause of action at all.  Id. at 153.  As the court noted, "Because the Plaintiffs could not proceed under any of these environmental statutes, and because the remedy sought is unavailable here, a "private cause of action" ... does not, in truth, exist."  Id. at 152-153.  Plaintiff's similar citation to Grimes v. Placid Refining also fails to persuade.  753 F. Supp. 622 (M.D. La. 1990) ("The plaintiffs' alleged violations of federal law only to show that defendants breached their duty of care and are, therefore, liable under *state law").*

The private cause of action under the ADEA is well established, and clearly arises under federal law.  In Lorillard v. Pons, the Supreme Court held that Congress intended the ADEA to establish a private cause of action before a civil jury. 434 U.S. 575, 583 (1978).  The Court rejected efforts to compare the ADEA's cause of action with Title VII.  Id. at n.11 ("... after examining the provisions of Title VII, we find petitioner's argument by analogy to Title VII unavailing.").  As the Court noted, the ADEA's relief provisions were drawn from the Fair Labor Standards Act of 1938 (FLSA).  Id. at 584

("...rather than adopting the procedures of Title VII for ADEA actions, Congress rejected that course in favor of incorporating the FLSA procedures ...").

Since the ADEA's cause of action is drawn from the FLSA, the true precedent applicable in this case comes to us from Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S 691 (2003). In Breuer, the plaintiff sued in Florida state court for violations of the FLSA. Id. at 695. The defendant removed to federal court, and the plaintiff sought an order remanding to state court. Id. The Court held that FLSA's remedial provisions did not permit remand to state court in spite of the language in the provisions that a state cause of action "may be maintained ... in any Federal or State court of competent jurisdiction. " Id. (citing 29 U.S.C. 216(b)).

In Medina v. Ramsey Street Co., Inc., the plaintiff brought a claim for employment discrimination and retaliation. 238 F.3d 674 (5th Cir. 2001). As the court noted, "[w]hen a plaintiff has a choice between federal and state law claims, she may proceed in state court 'on the exclusive basis of state law,'" Id. at 680 (quoting Carpenter v. Wichita Falls Indep. School Dist, 44 F.3d 362, 365 (5th Cir. 1995). The plaintiff's complaint in Medina, just like the plaintiff's complaint here, sought back pay and damages under the ADEA. Id. The court held that removal was proper, since the plaintiff had brought an ADEA claim as one of her central causes of action, rather than merely mentioning it as evidence. Id.; see, also, Baldwin v. Sears Roebuck & Co., 667 F.2d 458, 460-61 (5th Cir. 1982) (holding the ADEA action removable to federal court); Winebarger

v. Logan Aluminum, Inc., 839 F. Supp. 17 (W.D. Ky. 1993) (holding that suit alleging violations under ADEA was properly removed to federal court).

## Conclusion

The plaintiff's complaint is not merely citing the ADEA as evidence of some public policy or as a federal law peripheral to her actual cause of action.  She cites it specifically and went to the trouble of getting permission to sue from the EEOC before proceeding with her claim.  She is asking for back pay and other liquidated damages under its provisions.  Nowhere in her motion to remand does she come out and say that the citations were an accident.  Nor does she ever deny that she is in fact bringing a claim under the federal ADEA.  Since she is bringing such a claim, this court has original jurisdiction and the case should not be remanded to state court.

|  |  |
|---|---|
|  | RICHMOND & QUINN<br>Attorneys for Defendants WILDFLOWER COURT, INC., RICH YOUNG, MILLIE DUNCAN, and KYLA ALLRED |
| Dated:    February 21, 2006 | By:____s/ Stacy L. Walker_____<br>Stacy L. Walker<br>RICHMOND & QUINN<br>360  K  Street, Suite 200<br>Anchorage, AK  99501<br>Ph:   (907) 276-5727<br>Fax: (907) 276-2953<br>swalker@richmondquinn.coM<br>ABA No. 0005014 |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically and by mail this   21st   day of February 2006 on:

Mark C. Choate
Jessica L. Srader
Choate Law Firm LLC
424 N. Franklin
Juneau, AK  99801

_____s/ Stacy L. Walker_____
RICHMOND & QUINN

108.528\Pld\Opposition To Motion To Remand