Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

MILA TUDTUD, )
)
           Plaintiff, )
)
           vs. )
)
WILDFLOWER COURT, INC., RICH )
YOUNG, individually and in his capacity )
as Director of Support Services, MILLIE )
DUNCAN, individually and in her )
capacity as Administrator, and KYLA )
ALLRED, individually and in her capacity )
as Human Resources Manager, )
)
           Defendants. )   Case No. 1:06-CV 00002 JKS
_____

## REPLY TO OPPOSITION TO MOTION TO REMAND

      On January 18, 2006, Defendants improperly removed this case from the state court in

Juneau to this court.  Defendants' only basis for removal was Plaintiff's reference to the

Federal Age Discrimination in Employment Act (ADEA) in her complaint.  However, a simple

review of Plaintiff's claims demonstrates that they are created primarily by Alaska state law,

and any reference to the ADEA is ancillary to the state law claims.  Simply identifying the fact

that there is parallel Federal law (ADEA) is, by itself, an insufficient basis to support federal

question jurisdiction.  Therefore, pursuant to 28 U.S.C. § 1447(c), this court must remand this

*Tudtud, Mila vs. Wildflower Court et al.*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

case back to the Superior Court in Juneau. In addition, because Defendants lacked a sufficient

basis for removal, the court should order Defendants to pay costs and expenses, including

attorneys' fees, incurred by Plaintiff in connection with her motion to remand.

## I. LEGAL STANDARD

A defendant may remove a civil action from state court to federal court, only if the

action "*aris[es] under* the Constitution, laws, or treaties of the United States."[1]  Because the

Congressional purpose is to restrict the jurisdiction of the federal courts on removal, the

removal statute is strictly construed.[2]  Federal jurisdiction "must be rejected if there is any

doubt as to the right to removal in the first instance."[3]  Furthermore, the party seeking removal

has the burden to prove that Plaintiff's "well-pleaded complaint establishes either that federal

law *creates* the cause of action, or that the plaintiff's right to relief *necessarily depends* on

resolution of a substantial question of federal law."[4]  "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."[5]

---

[1] 28 U.S.C. § 1441(a); 28 U.S.C. § 1331 (emphasis added).

[2] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996).

[3] *Gaus v. Miles, Inc.*, 980 F3d 831, 838 (9th Cir. 1992).

[4] *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (emphasis added); *California ex rel. Lockyer v. Williams*, 375 F.3d 831, 838 (9th Cir. 2004).

[5] 28 U.S.C. § 1447(c) (emphasis added).

*Tudtud, Mila vs. Wildflower Court et al.*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

**II. DISCUSSION**

In essence, Defendants maintain that Plaintiff's mere reference to the ADEA in conjunction with the Alaska Human Rights Act, converts her predominantly state law claims into ones arising under federal law.  In an attempt to support their erroneous assertion that federal question jurisdiction exists in this case, Defendants cite several distinguishable cases. In each of the cases upon which Defendants rely, the plaintiff did not raise any state claims or the causes of action and/or right to relief arose solely under federal law.

First, Defendants rely on *Breuer v. Jim's Concrete of Brevard, Inc.*[6]  In *Breuer* the issue was whether "the provision of the Fair Labor Standards Act of 1938 (FLSA or Act), that suit under the Act 'may be maintained . . . in any Federal or State court of competent jurisdiction,' 52 Stat. 1069, as amended, 29 U.S.C. § 216(b), bars removal from state to federal court."[7] Unlike the case at bar, the Plaintiff in *Breuer* did not raise any state claims and his causes of action arose solely under the FLSA.[8]  Under the facts of *Breuer*, the Supreme Court held that the case was removable.[9]

In contrast with *Breuer*, Mila Tudtud states causes of action for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) violation of the public policy

---

[6] 538 U.S. 691 (2003).

[7] *Breuer*, 538 U.S. at 693.

[8] *Breuer v. Jim's Concrete of Breverd*, Oral Argument of Donald E. Pinaud, Jr. on Behalf of Petitioner, 2003 WL 1876458 (U.S.), 71 USLW 3638 at 4, April 2, 2003.

[9] *Breuer*, 538 U.S. at 693.

*Tudtud, Mila vs. Wildflower Court et al.*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 98801
(907) 586-4490

against age discrimination, (4) employment discrimination "in violation *of the laws of this State* forbidding age discrimination,"[10] and (5) defamation; all state law claims.

In support of her claims for wrongful discharge and employment discrimination, the complaint references "*the Alaska Human Rights Act, AS 18.80.220(a)(1)*, and the Age Discrimination in Employment Act" as examples of the Alaska and Federal laws as well as public policy against age discrimination.[11] Each time Plaintiff cites the ADEA in her complaint, she also cites the Alaska Human Rights Act.[12] Furthermore, while she makes a point of specifying which provision of the Alaska Human Rights Act Defendants violated--AS 18.20.220(a)(1)--Plaintiff does not specify any provisions of the ADEA.[13] Plaintiff's claims referencing the ADEA were merely alternative theories of wrongful discharge and violation of public policy, completely ancillary to her claims that Defendants violated the Alaska Human Rights Act, AS § 18.80.220. Moreover, unlike the plaintiff's claims in *Breuer*, all of Ms. Tudtud's claims are fully supported by Alaska law.

Next, Defendants mistakenly rely on *Medina v. Ramsey Street Co., Inc.*, a Fifth Circuit case.[14] In *Medina*, the plaintiff originally filed his case in a Texas state court alleging discriminatory non-promotion and retaliatory discharge under Chapter 21 of the Texas Labor

---

[10] Complaint ¶ 60 (emphasis added).

[11] Complaint, ¶ 56 & 60 (emphasis added).

[12] Complaint ¶¶ 6, 34, 56, & 60.

[13] Complaint ¶¶ 6, 34, 56, & 60.

[14] 238 F.3d 674, 680 (5th Cir. 2001).

*Tudtud, Mila vs. Wildflower Court et al.*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 98801
(907) 586-4490

Code.[15]  He later amended his complaint to add a claim for unlimited back pay and liquidated

damages.[16]  The defendant removed the case to federal court, and the plaintiff filed a motion to

remand.[17]  Because Texas law caps lost earnings at two years and does not provide for the

award of liquidated damages,[18] the damages sought by the plaintiff in *Medina* were authorized

*only* by federal law, and therefore, the district court denied the plaintiff's motion to remand the

case to state court.[19]

      Unlike *Medina*, all of the relief sought by Ms. Tudtud is authorized under Alaska law.

First, "[a]s a consequence of the breach of Plaintiff's employment contract, Plaintiff seeks back

pay and the cost of benefits from the date of her discharge, plus interest, future compensation

up to retirement age, and full retirement benefits."[20]  Clearly, this claim and the relief available

are founded exclusively on Alaska state law.[21]  Second, as a consequence of Defendants'

breach of the covenant of good faith and fair dealing, Plaintiff seeks special and general

compensatory damages.[22]  Again, state law creates this cause of action, and it is subject to the

---

[15] *Medina*, 238 F.3d at 679.

[16] *Medina*, 238 F.3d at 680.

[17] *Medina*, 238 F.3d at 680.

[18] *Medina*, 238 F.3d at 680 (citing Tex. Lab. Code Ann. § 21.258(c) (Vernon 1996)).

[19] *Medina*, 238 F.3d at 680.

[20] Complaint ¶ 46.

[21] *University of Alaska v. Chauvin*, 521 P.2d 1234, 1239 (Alaska 1974) (Stating that the proper remedy for breach of an employment contract places the plaintiff in the position he would have occupied had the defendant not breached its obligation to employ).

[22] Complaint ¶ ¶ 51 & 52.

*Tudtud, Mila vs. Wildflower Court et al.*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska  98801
(907) 586-4490

relief authorized by Alaska law.[23]  Third, Plaintiff alleges that Defendants' violation of the

public policy against age discrimination caused her "to suffer anxiety, grief and humiliation,"

and she claims that "the loss of her lifelong employment has caused [her] to suffer ongoing

emotional distress, entitling her to recover economic and non-economic damages from

Wildflower Court, Inc."[24]  For this claim, while Plaintiff cites the ADEA as evidence of the

public policy against age discrimination, Plaintiff's relief is founded exclusively on state law.[25]

Fourth, Plaintiff seeks "an award of back compensation with interest, reinstatement and/or

future compensation and attorneys' fees" for Defendants' "violation *of the laws of this State*

forbidding age discrimination."[26]  Unlike the Texas laws at issue in *Medina*, the broad language

of AS 22.10.020(c) authorizes "an award of compensatory and punitive damages for violations

of AS 18.80, in addition to the equitable remedies such as enjoining illegal employment

activities and ordering back pay as a form of restitution."[27]  Finally, for her defamation claim,

Plaintiff seeks "an award of both general and punitive damages."[28]  Again, this is a state law

claim that is subject to relief authorized by Alaska law.[29]  In sum, unlike the *Medina* case, there

is nothing in Plaintiff's complaint or Alaska law that limits Ms. Tudtud's claims to relief

---

[23] *See*, *ARCO Alaska v. Akers*, 753 P.2d 1150, (Alaska 1988).

[24] Complaint ¶ 57.

[25] *See*, *Kinzel v. Discovery Drilling, Inc.,* 93 P.3d 427, 438 (Alaska 2004).

[26] Complaint ¶¶ 60 & 63 (emphasis added).

[27] *Loomis Elec. Protection, Inc. v. Schaefer*, 549 P.2d 1341, 1343 (Alaska 1976); *see also*, *VECO, Inc. v. Rosebrock*, 970 P.2d 906 (Alaska 1999).

[28] Complaint ¶ 75.

[29] *See*, *Jones v. Central Peninsula General Hospital*, 779 P.2d 783, 790 n. 7 (Alaska 1989).

*Tudtud, Mila vs. Wildflower Court et al.*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 98801
(907) 586-4490

authorized under federal law.  In fact all of Plaintiff's claims are fully supported by Alaska law, and Defendants' reliance on *Medina* is, therefore, undoubtedly misguided.

Finally, Defendants misapply cases from the Fifth Circuit and the Western District of Kentucky in which the courts held that actions brought under the ADEA were removable.  But like *Breuer*, the issue in both of those cases was whether an ADEA action, once started in state court, was removable to federal court.[30]  And unlike the current case, the plaintiffs' claims of age discrimination arose solely under the ADEA and, therefore, *necessarily depended* on federal law. [31]

Clearly, none of the cases upon which Defendants rely change or overturn the precedent set by the Ninth Circuit: "when a claim can be supported by alternative and independent theories--one of which is a state law theory and one of which is a federal law theory--federal question jurisdiction *does not attach because federal law is not a necessary element* of the claim."[32]  Such is the case here.  Not only are Plaintiff's claims supported by alternative and independent state and federal theories, but Plaintiff expressly and unequivocally brought her claims under Alaska state law and merely referred to the ADEA as one available criterion for determining whether Defendants wrongfully terminated her employment.  The jury could find that Defendants wrongfully terminated Plaintiff's employment contract, breached the implied covenant of good faith and fair dealing, defamed her, discriminated against her on the basis of

---

[30] *Baldwin v. Sears Roebuck & Co.*, 667 F.2d 458, 460-61 (5th Cir. 1982); *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp. 17,  17-18 (W.D. KY 1993).

[31] *Baldwin*, 667 F.2d at 459; *Winebarger*, 839 F.Supp. at 17.

[32] *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (emphasis added).

*Tudtud, Mila vs. Wildflower Court et al.*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

her age and violated state law and public policy, all without even considering whether Defendants also violated federal law. Simply put, Plaintiffs' causes of action arise under state law, are not created by federal law, and do not depend upon any interpretation of federal law. Contrary to Defendants' position, Plaintiff's mere mention of the ADEA to support her state law claims is insufficient to grant this court subject matter jurisdiction over Plaintiff's claims. The court must remand this case back to the state court in Juneau.

## III. CONCLUSION

Plaintiff claims, among other things, that her employment was wrongfully terminated, in violation of the laws of Alaska forbidding age discrimination. Plaintiff expressly and unequivocally brought her claims under Alaska state law. None of Plaintiff's claims depend on a federal law, and any mention of the ADEA is ancillary to Plaintiff's claims under the Alaska Human Rights Act. Thus, federal question jurisdiction does not attach. This Court lacks subject matter jurisdiction and must remand this case to state court. Because Defendants improperly removed this case, this Court should also order Defendants to pay the costs and expenses, including attorneys' fees, incurred by Plaintiff in bringing this motion.

*Tudtud, Mila vs. Wildflower Court et al.*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

**Choate Law Firm**
424 North Franklin Street
Juneau, Alaska 98801
(907) 586-4490

DATED: February 27, 2006

1

2

3                                         Respectfully submitted,
                                          CHOATE LAW FIRM LLC
4
                                          s/*Mark Choate*
5
                                          _____
6                                         MARK CHOATE
                                          424 N. Franklin Street
7                                         Juneau, AK 99801
                                          Phone: (907) 586-4490
8                                         Fax: (907) 586-6633
                                          EM: lawyers@choatelawfirm.com
9                                         AK Bar: 8011070
10
                                          Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                  9 of 10
27
*Tudtud, Mila vs. Wildflower Court et al.*
28  REPLY TO OPPOSITION TO MOTION TO REMAND
    1:06-CV 00002 JKS

**Choate Law Firm**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

**PROOF OF SERVICE**

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin St., Juneau, AK 99801.

On the 27th day of February, 2006, I served the foregoing document described as *Reply to Opposition to Motion to Remand*, on the interested parties in this action by serving the original true copies, addressed as follows:

Stacy L. Walker
Richmond & Quinn
Attorney For: Wildflower Court
360 K Street, Suite 200
Anchorage, AK 99501
Phone: (907) 276-5727
Fax: (907) 276-2953

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system,

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on the 27th day of February 2006, at Juneau, Alaska.

s/ *Jessica L. Srader*
CHOATE LAW FIRM, LLC

10 of 10

*Tudtud, Mila vs. Wildflower Court et al*
REPLY TO OPPOSITION TO MOTION TO REMAND
1:06-CV 00002 JKS

Choate Law Firm
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490