IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MILA TUDTUD,<br><br>               Plaintiff,<br><br>   vs.<br><br>WILDFLOWER COURT, INC., RICH YOUNG, individually and in his capacity as Director of Support Services, MILLIE DUNCAN, individually and in her capacity as Administrator, and KYLA ALLRED, individually and in her capacity as Human Resources Manager,<br><br>               Defendants. | Case No. 1:06-cv-0002-JKS<br><br>O R D E R |

BACKGROUND

Plaintiff Mila Tudtud filed this age discrimination suit in Superior Court in Juneau against her former employer, Wildflower Court ("Wildflower"). The suit alleges that Wildflower terminated Tudtud's employment without good cause in contravention of the parties' employment agreement. Tudtud argues that termination of her employment violated the Alaska Human Rights Act, AS 18.80.220, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. Docket No. 1, Ex. B (Compl. ¶ 34). Wildflower filed a notice of removal to federal court, asserting that this Court has subject matter jurisdiction. Docket No. 1. Tudtud moves for remand back to state court. Docket Nos. 8 (Mot.); 12 (Opp'n); 13 (Reply).

DISCUSSION

Courts must strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). As is pertinent here, 28 U.S.C. § 1441 provides for the removal of (1) actions arising under federal law or (2) actions between parties of diverse citizenship

where none of the defendants are citizens of the forum state. *See* 28 U.S.C. § 1441(b).[1] The Court must examine the complaint filed in state court to determine whether it states a claim arising under federal law. In making this determination, it is irrelevant whether the defendant intends to rely on the United States Constitution or a federal statute in defending the action. The inquiry is limited to the grounds for relief invoked by the plaintiff in its complaint. *See Merrell-Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Tudtud's complaint alleges five causes of action: (1) Breach of employment contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of public policy; (4) employment discrimination; and (5) defamation. The ADEA is mentioned in the third and fourth causes of action. Under the third cause of action, violation of public policy, Tudtud states that Wildflower's termination of her employment violated Alaska's public policy as expressed in the Alaska Human Rights Act and the ADEA. Docket No. 1, Ex. 1, (Compl. ¶ 56). The fourth cause of action alleges that Wildflower terminated her employment "in violation of the laws of this State forbidding age discrimination, including the Alaska Human Rights Act, AS 18.80.220(a)(1), and the Age Discrimination in Employment Act." *Id*. (Compl. ¶ 60). Additionally, before filing the lawsuit, Tudtud brought a claim with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue on September 28, 2005. *Id*. (Compl. ¶ 6). Doing so cleared the way procedurally for her to file a federal ADEA claim.

Despite the references to the ADEA in Tudtud's complaint and the claim she filed with the EEOC, the Court is not convinced that it has subject matter jurisdiction. That the facts of Tudtud's case, including receiving a Notice of Right to Sue from the EEOC, could have been the basis for an ADEA claim does not convert the action into a federal case. Furthermore, "[w]hen a claim can be

---

[1] The statute provides:
> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

ORDER

supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810 (1988)).  When the ADEA is mentioned in Tudtud's complaint it is identified by name only, not citation, and directly follows a citation to the Alaska Human Rights Act.  Docket No. 1, Ex. B (Compl. ¶¶ 34, 56, 60).  Even if Wildflower was found to have not violated the ADEA, Tudtud might still be entitled to recover on counts three and four under alternative theories establishing the public policy of Alaska against age discrimination in employment and the specific banning of such discrimination contained in the Alaska Human Rights Act.  *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 153 (4th Cir. 1994) ("*Christianson* teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.  Examination of the complain in the instant case reveals that . . . . [e]ven if Columbia Organic was found not to have violated any federal statute, the Plaintiff might still be entitled to recover under an alternative theory . . . .") (cited with approval in *Rains*, 80 F.3d at 346).

Although this is a close question, the Court concludes that in light of the mandate that federal jurisdiction be rejected if there is any doubt as to the propriety of removal, this case must be remanded to Superior Court in Juneau.  Because the question was close, the Court will not award Plaintiff costs and expenses from Defendants.  **Docket No. 8** is therefore **GRANTED IN PART and DENIED IN PART.**

**IT IS SO ORDERED**.

Dated at Anchorage, Alaska, this 10th day of March 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER